**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| ENCOMPASS HOME AND AUTO INSURANCE COMPANY as subrogee of MORGANE BARRY and JOHN FRANCIS BARRY,<br><br>Plaintiff,<br><br>v.<br><br>TTI OUTDOOR POWER EQUIPMENT, INC.; TTI CONSUMER POWER TOOLS, INC.; and HOME DEPOT U.S.A., INC.,<br><br>Defendants. | Case No.: |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, by and through its undersigned counsel, hereby demands judgment against Defendants, TTI Outdoor Power Equipment, Inc., TTI Consumer Power Tools, Inc., and Home Depot U.S.A., Inc. (collectively referred herein as "Defendants"), and avers as follows:

**PARTIES**

1. Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry (hereinafter "Encompass" or "Plaintiff"), is a business organized and existing under the laws of the State of Illinois with a principal place of business located at 2775 Sanders Road, Northbrook, Illinois, 60062, and, at all times relevant hereto, was authorized to issue policies of insurance in the State of Maryland.

2. At all times relevant hereto, Encompass's subrogors, Morgane Barry and John Francis Barry ("the Barrys"), owned the real and personal property located at 1312 Crawford Drive, Rockville, Maryland 20851 ("the loss location").

3. At all times relevant hereto, Encompass provided insurance coverage to the Barrys for the property at the loss location.

4. Defendant, TTI Outdoor Power Equipment, Inc. ("TTI-OPE"), is a Delaware corporation with a principal place of business located at 100 Innovation Way, Anderson, SC 29621 and, at all times relevant hereto, was engaged in the business of designing, manufacturing, marketing, distributing, and/or selling consumer products, including Ryobi-branded lithium-ion battery packs.

5. Defendant, TTI Consumer Power Tools, Inc. ("TTI-CPT"), is a Delaware corporation with a principal place of business located at 100 Innovation Way, Anderson, SC 29621 and, at all times relevant hereto, was engaged in the business of designing, manufacturing, marketing, distributing, and/or selling consumer products, including Ryobi-branded lithium-ion battery packs.

6. Defendants TTI-OPE and TTI-CPT are collectively herein referred to as "Ryobi".

7. Defendant, Home Depot U.S.A., Inc. ("Home Depot"), is a Delaware corporation with a principal place of business located at 2455 Paces Ferry Road, Atlanta, GA 30339 and, at all times relevant hereto, was engaged in the business of marketing, distributing, and/or selling consumer products, including Ryobi-branded lithium-ion battery packs.

**JURISDICTION & VENUE**

8. Pursuant to 28 U.S.C. § 1332, jurisdiction is vested with the United States District Court for the District of Maryland because there is diversity of citizenship between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Pursuant to 28 U.S.C. § 1391, et seq., venue is proper in the United States District Court for the District of Maryland, Southern Division, because the events which gave rise to this

cause of action occurred in Montgomery County, Maryland, which is embraced within this judicial district.

## FACTS

10. On or about May 10, 2023, a fire occurred at the loss location and caused significant damages and other expenses ("the fire").

11. The fire originated inside the loss location at a Ryobi-branded lithium-ion battery ("the battery").

12. **Figure 1** displays the remains of the battery.


**Figure 1**

13. The fire occurred because the battery is defective.

14. The battery was designed, manufactured, distributed, marketed, and/or sold by Defendants.

15. From the time of purchase until the fire, the Barrys were not warned that the battery is defective.

16. As a result of the fire, the Barrys sustained property damage and other expenses.

17. Pursuant to its policy of insurance, Encompass indemnified the Barrys in the amount of $240,908.04 for damages and expenses sustained as a result of the fire.

18. By virtue of the aforementioned indemnity payments and pursuant to the terms of the Barrys' insurance policy with Encompass and the common law principles of equitable subrogation, Encompass is subrogated to the extent of all payments made to/on behalf of the Barrys as a result of the fire.

**COUNT I – STRICT LIABILITY**
**Encompass v. Ryobi**

19. Plaintiff incorporates by reference the averments contained the preceding paragraphs, as if fully set forth at length herein.

20. Ryobi designed, manufactured, distributed, marketed, and/or sold the battery in an unreasonably dangerous and/or defective condition.

21. The battery was defective when it left Ryobi's control and/or possession.

22. The battery was expected to and reached the Barrys without substantial change in its condition in which it was designed, manufactured, distributed, marketed, and/or sold by Ryobi.

23. At all times relevant hereto, the battery was used in a reasonably foreseeable manner by the Barrys.

24. The danger posed by the defect(s) and/or defective condition(s) of the battery was not readily recognizable by the ordinary user or consumer, including the Barrys.

25. The fire was caused by the acts and/or omissions of Ryobi, their agents, employees, servants, subcontractors, representatives and/or workers acting in the course and scope of their employment, through which Ryobi is strictly liable by reason of the following:

a) designing, manufacturing, marketing, distributing and/or selling a defective lithium-ion battery;

b) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that contained a defective printed circuit board;

d) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that did not contain proper measures to prevent against the entry of moisture and/or debris;

e) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

f) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

g) failing to discover that the battery is defective;

h) failing to notify the Barrys that the battery is defective;

i) failing to remove the battery from the marketplace when Ryobi knew or should have known it was unreasonably dangerous and/or defective; and/or

j) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

26. As a direct and proximate result of the aforementioned acts and/or omissions by Ryobi, the Barrys sustained damages to their property and incurred other related expenses, for which Encompass made payments to/on behalf of the Barrys in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendants, TTI Outdoor Power Equipment, Inc., and TTI Consumer Power Tools, Inc., in the amount of $240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**COUNT II – NEGLIGENCE**
**<u>Encompass v. Ryobi</u>**

27. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

28. Ryobi owed a duty of care to the Barrys to design, manufacture, market, and/or sell the battery in a condition that was not defective and/or unreasonably dangerous.

29. Ryobi, by and through their agents, servants, and/or employees, each of whom was working in the course and scope of their employment, breached their duty of care to the Barrys through one or more of the following acts and/or omissions:

a) designing, manufacturing, marketing, distributing and/or selling a defective lithium-ion battery;

b) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that contained a defective printed circuit board;

d) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that did not contain proper measures to prevent against the entry of moisture and/or debris;

e) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

f) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

g) failing to discover that the battery is defective;

h) failing to notify the Barrys that the battery is defective;

i) failing to remove the battery from the marketplace when Ryobi knew or should have known it was unreasonably dangerous and/or defective; and/or

j) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

30. The acts and/or omissions of Ryobi were the direct and proximate cause of the fire and resulting damages and expenses.

31. As a direct and proximate result of the aforementioned acts and/or omissions by Ryobi, the Barrys sustained damages to their property and incurred other related expenses, for which Encompass made payments to/on behalf of the Barrys in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendants, TTI Outdoor Power Equipment, Inc., and TTI Consumer Power Tools, Inc., in the amount of $240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**COUNT III – BREACH OF WARRANTIES**
**Encompass v. Ryobi**

32. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

33. The Barrys were the ultimate users of the battery and a member of the class which Ryobi should have expected to use the battery.

34. The Barrys had a right to rely upon, and in fact did rely upon, the superior skill and judgment of Ryobi in designing, manufacturing, distributing, marketing and/or selling the battery.

35. Pursuant to Maryland Commercial Law Code Ann. § 2-314, Ryobi impliedly warranted that the battery was merchantable.

36. Pursuant to Maryland Commercial Law Code Ann. § 2-315, Ryobi impliedly warranted that the battery was fit for a particular purpose.

37. Ryobi, by and through their agents, servants, and/or employees, each of whom was working in the course and scope of their employment, breached their implied warranties to the Barrys through one or more of the following acts and/or omissions:

a) designing, manufacturing, marketing, distributing and/or selling a defective lithium-ion battery;

b) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that contained a defective printed circuit board;

d) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that did not contain proper measures to prevent against the entry of moisture and/or debris;

e) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

f) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

g) failing to discover that the battery is defective;

h) failing to notify the Barrys that the battery is defective;

i) failing to remove the battery from the marketplace when Ryobi knew or should have known it was unreasonably dangerous and/or defective; and/or

j) designing, manufacturing, marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

38. As a direct and proximate result of the Ryobi's breach of warranties, the Barrys sustained damages to their property and incurred other related expenses, for which Encompass made payments to/on behalf of the Barrys in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendants, TTI Outdoor Power Equipment, Inc., and TTI Consumer Power Tools, Inc., in the amount of

$240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**COUNT IV – STRICT LIABILITY**
**Encompass v. Home Depot**

39. Plaintiff incorporates by reference the averments contained the preceding paragraphs, as if fully set forth at length herein.

40. Home Depot marketed, distributed, and/or sold the battery in an unreasonably dangerous and/or defective condition.

41. The battery was defective when it left Home Depot's control and/or possession.

42. The battery was expected to and reached the Barrys without substantial change in its condition in which it was marketed, distributed, and/or sold by Home Depot.

43. At all times relevant hereto, the battery was used in a reasonably foreseeable manner by the Barrys.

44. The danger posed by the defect(s) and/or defective condition(s) of the battery was not readily recognizable by the ordinary user or consumer, including the Barrys.TTI

45. The fire was caused by the acts and/or omissions of Home Depot, their agents, employees, servants, subcontractors, representatives and/or workers acting in the course and scope of their employment, through which Home Depot is strictly liable by reason of the following:

a) marketing, distributing and/or selling a defective lithium-ion battery;

b) marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

d) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

e) failing to discover that the battery is defective;

f) failing to notify the Barrys that the battery is defective;

g) failing to remove the battery from the marketplace when Home Depot knew or should have known it was unreasonably dangerous and/or defective; and/or

h) marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

46. As a direct and proximate result of the aforementioned acts and/or omissions by Home Depot, the Barrys sustained damages to their property and incurred other related expenses, for which Encompass made payments to/on behalf of the Barrys in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendant, Home Depot U.S.A., Inc., in the amount of $240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**COUNT V – NEGLIGENCE**
**Encompass v. Home Depot**

47. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

48. Home Depot owed a duty of care to the Barrys to market, distribute, and/or sell the battery in a condition that was not defective and/or unreasonably dangerous.

49. Home Depot, by and through their agents, servants, and/or employees, each of whom was working in the course and scope of their employment, breached their duty of care to the Barrys through one or more of the following acts and/or omissions:

a) marketing, distributing and/or selling a defective lithium-ion battery;

b) marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

d) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

e) failing to discover that the battery is defective;

f) failing to notify the Barrys that the battery is defective;

g) failing to remove the battery from the marketplace when Home Depot knew or should have known it was unreasonably dangerous and/or defective; and/or

h) marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

50. The acts and/or omissions of Home Depot were the direct and proximate cause of the fire and resulting damages and expenses.

51. As a direct and proximate result of Home Depot's breach of duty, the Barrys sustained damages to their property and incurred other expenses, for which Encompass made payments to/on behalf of its insureds in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendant, Home Depot U.S.A., Inc., in the amount of $240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**COUNT VI – BREACH OF WARRANTIES**
**Encompass v. Home Depot**

52. Plaintiff incorporates by reference the averments contained in the preceding paragraphs, as if fully set forth at length herein.

53. The Barrys were the ultimate users of the battery and a member of the class which Home Depot should have expected to use the battery.

54. The Barrys had a right to rely upon, and in fact did rely upon, the superior skill and judgment of the Home Depot in distributing, marketing and/or selling the battery.

55. Pursuant to Maryland Commercial Law Code Ann. § 2-314, Home Depot impliedly warranted that the battery was merchantable.

56. Pursuant to Maryland Commercial Law Code Ann. § 2-315, Home Depot impliedly warranted that the battery was fit for a particular purpose.

57. Home Depot, by and through their agents, servants, and/or employees, each of whom was working in the course and scope of their employment, breached their implied warranties to the Barrys through one or more of the following acts and/or omissions:

a) marketing, distributing and/or selling a defective lithium-ion battery;

b) marketing, distributing and/or selling a lithium-ion battery that was unsafe for its intended use;

c) marketing, distributing and/or selling a lithium-ion battery that posed a risk of fire;

d) failing to properly inspect and/or test the battery to discover it was unreasonably dangerous and/or defective;

e) failing to discover that the battery is defective;

f) failing to notify the Barrys that the battery is defective;

g) failing to remove the battery from the marketplace when Home Depot knew or should have known it was unreasonably dangerous and/or defective; and/or

h) marketing, distributing and/or selling a lithium-ion battery that was not reasonably fit, suitable or safe for its intended purpose.

58. As a direct and proximate result of Home Depot's breach of warranties, the Barrys sustained damages to their property and incurred other expenses, for which Encompass made payments to/on behalf of its insureds in the amount of $240,908.04.

**WHEREFORE,** Plaintiff, Encompass Home and Auto Insurance Company as subrogee of Morgane Barry and John Francis Barry, hereby demands judgment against Defendant, Home Depot U.S.A., Inc., in the amount of $240,908.04, plus pre-judgment interest, post-judgment interest, and any other such relief this Court deems appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff respectfully requests a trial by jury on all such triable issues herein.

Dated: May 7, 2025.

Respectfully submitted,

ENCOMPASS HOME AND AUTO INSURANCE COMPANY as subrogee of MORGANE BARRY and JOHN FRANCIS BARRY

By Counsel,

*/s/ Christopher Konzelmann*
Christopher Konzelmann
Bar No. 31259
WHITE AND WILLIAMS LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Tel: (215) 864-6334
Fax: (215) 789-7636
konzelmannc@whiteandwilliams.com
*Counsel for Plaintiff*